IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES SMITH WHITLOCK III, )
)
        Plaintiff, )
)
    v. )     1:10-CV-958
)
JARED GREENLEE, )
)
        Defendant. )

**ORDER**

The Opinion and Recommendation of the United States Magistrate Judge was filed in accordance with 28 U.S.C. § 636(b) and, on December 3, 2013, was served on the parties in this action. (Doc. 64.) The defendant, Officer Jared Greenlee, objected to part of the Recommendation. (Doc. 68.)

The Court has reviewed the portions of the Magistrate Judge's Opinion to which objection was made and has made a de novo determination which is in accord with the Opinion. The Court therefore adopts the Recommendation.

Officer Greenlee contends that he had probable cause to search the trunk of plaintiff James Whitlock, seize Mr. Whitlock's gun, and arrest Mr. Whitlock because he had reason to believe Mr. Whitlock had consumed alcohol and therefore it was illegal for him to possess a firearm.[1] In the alternative, he contends he is entitled to qualified immunity because his belief that Mr. Whitlock had consumed alcohol was reasonable.

---

[1] To the extent Officer Greenlee contends that the Magistrate Judge rested his recommendation on a finding that there was a genuine issue of material fact as to whether Mr. Whitlock had actually been drinking, this is inaccurate. The Magistrate Judge clearly and

Certainly if the fact-finder believes Officer Greenlee's testimony that he smelled alcohol, that Mr. Whitlock admitted he had been drinking, and that Mr. Whitlock had slurred speech, (Doc. 46 at ¶ 6), then Officer Greenlee had probable cause to search the vehicle and had probable cause to arrest Mr. Whitlock upon finding the gun. However, if the jury does not believe this testimony and instead credits Mr. Whitlock's account of events,[2] then Officer Greenlee did not have probable cause because he did not have reason to believe Mr. Whitlock had consumed alcohol, nor was his belief objectively reasonable.

Officer Greenlee essentially argues that for qualified immunity purposes his conduct should be evaluated under an "objectively reasonable" standard that gives full credence to his version of events. This is not an accurate statement of the law. Officer Greenlee is not entitled to have his version of the facts believed at summary judgment when Mr. Whitlock has presented direct evidence to the contrary. *See Meyers v. Baltimore County, Md.*, 713 F.3d 723, 730 (4th Cir. 2013)(noting that the plaintiff's version of the facts applies at summary judgment on qualified immunity issue).

**IT IS THEREFORE ORDERED** that the defendant's Motion for Summary Judgment, (Doc. 45), is **GRANTED IN PART** as to the plaintiff's state tort claims for false imprisonment

---

correctly found a genuine issue as to Officer Greenlee's reasonable belief based on the contradictory accounts of Mr. Whitlock and Officer Greenlee. (Doc. 64 at 9.)

[2] The Magistrate Judge accurately summarized the evidence in his Recommendation. Among other things, Mr. Whitlock testified that he had not consumed any alcohol for several days and did not smell of alcohol, that he did not slur his speech, that Mr. Whitlock told Officer Greenlee he had not consumed drugs or alcohol, that Officer Greenlee asked him no more questions about alcohol or drugs, and that neither Officer Greenlee nor any other officer told him not to drive when his car keys were returned. (Doc. 53 at ¶¶ 9, 14, 16-17.) It is undisputed Mr. Whitlock was not arrested or charged on the evening the gun was seized, offering some circumstantial support for Mr. Whitlock's version of events.

and trespass (third and fourth claims for relief set forth in the Amended Complaint, Doc. 39) and **DENIED IN PART** as to the plaintiff's Fourth Amendment unlawful search and seizure claims (first and second claims for relief).

The Court will enter an order shortly concerning a trial date.

This the 3rd day of March, 2014.

                                            UNITED STATES DISTRICT JUDGE