JAMES SMITH WHITLOCK, III,    )
                            )
           Plaintiff,    )
                            )
      v.                )
                            )      1:10CV958
                            )
JARED GREENLEE, in his     )
individual capacity,      )
                            )
          Defendant.    )

## **MEMORANDUM OPINION**

This matter is before the court on Defendant Jared Greenlee's "Motion for Dismissal of All Claims Based upon Plaintiff's Failure to Comply with Court Orders and Failure to Prosecute," pursuant to Rules 16(f), 37(b)(2), 37(c), and 41(b) of the Federal Rules of Civil Procedure (Doc. 86), and "Emergency Motion of Defendant Greenlee to Strike Unauthorized 'Stipulation of Dismissal' Filed by Plaintiff and for Other Relief" (Doc. 89). For the reasons set forth herein, the court will grant Greenlee's motions and dismiss this action.

## I.    **BACKGROUND**

Plaintiff James Smith Whitlock, III, appearing *pro se*, filed this lawsuit on November 15, 2010, in a North Carolina state court. The action was removed to this court based on the presence of a federal question. (Doc. 1.) Whitlock's amended

complaint alleges that Greenlee, while acting as a police officer for the Chapel Hill Police Department, wrongly searched his vehicle at 4:30 a.m. on Chapel Hill's Franklin Street and arrested him. (Doc. 1-1.) Greenlee has denied all allegations of wrongdoing and asserted qualified immunity as an affirmative defense. (Doc. 8.)

During the course of this action, all but two of Whitlock's claims were dismissed, either voluntarily or by the court. (Docs. 39, 64, 70.) Remaining are Whitlock's claims under 42 U.S.C. § 1983 for unlawful search and seizure under the Fourth Amendment (first and second claims for relief). (Doc. 70.)

## A. Pre-Trial Hearings and Deadlines

Following an unsuccessful interlocutory appeal by Greenlee (Docs. 76, 77, and 78), the court entered an Order on October 3, 2014, that this action would be set for trial during the civil trial term of court beginning January 5, 2015. Also on October 3, the court issued a written Notice formally setting the case for that trial term and further directing that trial briefs and jury instructions were to be filed by the parties "no later than December 15, 2014." (Doc. 79.) The Notice further provided, "The parties shall comply in all respects with Fed. R. Civ. P. 26(a)(3) regarding final pretrial disclosure, including the time requirements set out therein." (Id.) Consequently, pursuant to

Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure and Local Rule 40.1(c), pretrial disclosures were required to be served and filed in this case no later than December 5, 2014.

On November 20, 2014, the court issued its Master Trial Calendar, which listed the case for trial before the undersigned starting at January 5, 2015, at 9:30 a.m., in Winston-Salem, N.C., Courtroom #2. (Doc. 80.) The Master Trial Calendar contained a notice to counsel and parties: "For the purpose of compliance with Fed. R. Civ. P. 26(a)(3) regarding final pretrial disclosure, including the time requirements set out therein, all cases listed below should consider the first date of the Master Calendar as their trial date." (Id. at 1.) Local Rule 40.1 also requires that parties file a trial brief with proposed jury instructions "no later than 21 days before trial." L.R. 40.1(c).

Although Whitlock appears in this action *pro se*, he represents that he has graduated from the North Carolina Central University School of Law. (See also Doc. 94-3 at 7.) Early in the litigation, he also requested that the court allow him to participate as an electronic filer in the court's Internet-based Case Management/Electronic Case Files ("CM/ECF") system (Doc. 12), which the court allowed (Doc. 28). He, therefore, has been receiving electronic e-mail notification of all court orders and

other documents filed with the court and is eligible to file all documents electronically.

On November 26, 2014, the court entered a Notice to all parties directing them, their counsel, and any insurance carrier representatives to attend a settlement conference on December 15, 2014, before the undersigned district judge in Winston-Salem, N.C., Courtroom #2. (Doc. 81.) The Notice also ordered each party to serve and deliver to the court a settlement position statement no later than December 11, 2014, to facilitate the settlement conference. (Id.)

Greenlee timely filed and served his pretrial witness and exhibit disclosures on December 5, 2014. (Doc. 82.) He also timely submitted his settlement position statement to the court on December 10, 2014. Whitlock never filed any of these materials, nor did he move for any relief for his failure to have done so.

**B.    Settlement Conference**

A settlement conference was held on December 15, 2014, before the undersigned. Greenlee attended with counsel and a representative from the North Carolina League of Municipalities, the insurer for the Town of Chapel Hill Police Department. Whitlock also attended, appearing *pro se*. Following discussion between themselves, the parties reported a settlement and

memorialized the terms on the record, which included an agreement for partial reimbursement of expenses and the filing of a Stipulation of Dismissal with prejudice with the court.[1] Given the impending trial date, the court imposed a deadline of 5:00 p.m. on December 19, 2014, for the filing of the Stipulation of Dismissal, warning (orally at the settlement conference and in a subsequent Text Order later that day) that if one were not filed by then, the case would remain on the January 5, 2015 trial calendar. The parties assented. Further, the court temporarily suspended the deadlines for the filing of trial briefs and jury instructions (which were otherwise due by the close of business that same day, December 15, 2014) pending consummation of the parties' agreement. The court expressly stated that it was not waiving or amending any past pretrial deadlines which had expired, including the deadline for serving pretrial disclosures.

The December 19, 2014 5:00 p.m. deadline passed without the filing of an executed Stipulation of Dismissal.

---

[1] In a subsequent email to Greenlee's counsel on January 21, 2015, Whitlock stated that the court had entered a "consent agreement" at the December 15, 2014 settlement conference. (See Doc. 94-5.) This is incorrect; rather, the parties reached an agreement conditioned on performance of certain tasks that included the filing of a Stipulation of Dismissal by December 19, 2014.

### C. Post-Settlement Activity

Given the impending trial date and the parties' failure to have resolved the case, on December 19, 2014, at 5:55 p.m., the court entered a Text Order setting a status/pre-trial conference on December 23, 2014, in Winston-Salem, N.C., Courtroom #2. Concurrently, the Deputy Clerk/Case Manager sent an e-mail to Whitlock and to defense counsel, apprising them of the date and time of the status/pretrial conference.

Greenlee and his counsel appeared at the status/pretrial conference on December 23, 2014. Greenlee reported that he had rearranged holiday travel plans in order to attend. Whitlock did not appear at the hearing, nor did he provide notice of any inability to do so. During the hearing, Greenlee's counsel reported that she had prepared a Stipulation of Dismissal and emailed it to Whitlock but that, even after she incorporated a revision that he had requested, Whitlock refused to agree to it and did not, at any time prior to the deadline, propose an alternate version for defense counsel to consider. (See Doc. 94-2 at 1 (Whitlock's December 17, 2014 email, stating that he preferred to prepare a document for dismissal).) Further, defense counsel reported that she had attempted to arrange for delivery of the settlement check (reflecting partial reimbursement of expenses) but that Whitlock had refused to

accept it in the form of a check from the North Carolina League of Municipalities; instead, Whitlock insisted that the funds be paid personally by Greenlee, even though that was not part of the settlement agreement reported in court. (See id.)

At the hearing, Greenlee moved orally to dismiss this action based upon Whitlock's violations of numerous court Orders, the Federal Rules of Civil Procedure regarding pretrial procedures, and Whitlock's failure to prosecute. Because of Whitlock's absence at the hearing, and to provide notice to him, the court directed Greenlee to memorialize his request in a written motion with accompanying brief, and the court set a deadline of December 30, 2014, for the parties to show cause why sanctions, including dismissal, should not be entered against Whitlock. In addition, immediately following the court session and to provide further notice to Whitlock, the court entered a written Order memorializing what had occurred during the hearing, lifting the suspended deadlines for the filing of trial briefs and jury instructions (which the court had announced at the hearing and which rendered them due by 5:00 p.m. on December 23, 2014, as the Order warned), and ordering as follows:

> In light of the Plaintiff's actions and omissions in this case, the Plaintiff is ORDERED to SHOW CAUSE why sanctions should not be imposed against him, including preventing Plaintiff from presenting any evidence not properly disclosed in any pretrial disclosure of

> witnesses and documents pursuant to Federal Rule of
> Civil Procedure 26(a)(3) and dismissal of the action
> with prejudice. <u>The parties are DIRECTED to file
> briefs not exceeding 15 pages by 5:00 p.m. on Tuesday,
> December 30, 2014</u>.

(Doc. 85.)

Defendant Greenlee filed his trial brief and proposed jury instructions on December 23, 2014, in compliance with the court's Order. (Docs. 83, 84.) Whitlock never filed a trial brief or proposed jury instructions.

On December 30, 2014, Greenlee filed his written motion to dismiss and a memorandum of law in support, in compliance with the court's Show Cause Order. (Doc. 86.) Whitlock has never filed anything.

On December 31, 2014, the court entered a Text Order staying the January 5, 2014 trial date pending the court's consideration of Greenlee's motion to dismiss.

On January 9, 2015, Whitlock filed a Stipulation of Dismissal executed by himself and purportedly by Greenlee's counsel. (Doc. 88.) On January 12, 2015, Greenlee moved to strike the filing as unauthorized and in contravention of the parties' settlement agreement, which had expired, and the court's Orders. (Docs. 89, 90.) Greenlee's motion attached email exchanges with Whitlock. The correspondence reveals that Greenlee's counsel informed Whitlock on both January 5, 2015, at

8:09 a.m., and January 9, 2015, at 4:45 p.m., that Greenlee objected to the Stipulation of Dismissal because, due to Whitlock's failure to abide by the prior settlement agreement which required Greenlee to incur subsequent expenses, the payment of any costs was no longer authorized.  (Doc. 89-1.)

On January 12, 2015, at 3:54 p.m., and because the trial term had already begun, the court entered a Text Order requiring that Whitlock respond to Greenlee's motion to strike the Stipulation of Dismissal by January 15, 2015, at 5:00 p.m.  The deadline passed without a response from Whitlock.

On January 17, 2015, a Saturday, Whitlock electronically filed a late response to Greenlee's motion to strike.  (Doc. 91.)  In it, Whitlock provided no reason why he failed to abide by the court's January 15, 2015 deadline or why he failed to file the Stipulation of Dismissal by the agreed upon December 19, 2014 deadline.

On January 22, 2015, Greenlee filed a reply to Whitlock's late response to the motion to strike.  (Doc. 94.)  The reply attaches a January 5, 2015 email from Whitlock to Greenlee's counsel (sent well after the court's deadline to file a Stipulation of Dismissal) in which Whitlock proposes an attached "draft" 23-page "Notice of Resolution of Action and Stipulation

of Dismissal" in lieu of Greenlee's earlier draft Stipulation of Dismissal.  (Doc. 94-4.)[2]

To date, Whitlock, who professes to have graduated law school, has provided no justification for (1) his failure to file required pretrial witness and exhibit disclosures, a trial brief, and proposed jury instructions with the court; (2) his failure to accept the settlement funds and file the Stipulation of Dismissal by the December 19, 2014 deadline, as agreed to at the settlement conference four days earlier; (3) his failure to attend the pretrial conference on December 23, 2014; (4) his failure to respond to the court's December 30, 2014 Show Cause Order; (5) his failure to respond to Greenlee's December 30, 2014 motion to dismiss; (6) his failure to respond timely to Greenlee's motion to strike; or (7) his filing of the Stipulation of Dismissal after its deadline and in the face of Greenlee's refusal to revive the expired agreement and withdrawal of assent.  Whitlock voluntarily participated in the court's CM/ECF system, and the court has confirmed with the Clerk of Court that Whitlock in fact was sent electronic

---

[2] Greenlee also attaches a January 21, 2015 email from Whitlock that threatens the filing of a motion to hold Greenlee and his counsel in contempt of court if they are unable to "reach a reasonable resolution of this case" and if Greenlee fails to withdraw his pending motions. (Doc. 94-5.)  Whitlock's threat is improper and rests on a disregard of the court's Orders, the rules of court, and the abandoned settlement agreement.

notification of the pertinent Orders and actions noted by the court on its docket for this case.  There is no evidence that Whitlock's multiple failures are due to any difficulty outside his control that prevented him from acting.[3]  He was aware of the importance of complying with the court's Orders, Rules of Civil Procedure, and Local Rules regarding all filings.

## II.  ANALYSIS

### A.  Motion to Strike

Defendant Greenlee moves to strike the Stipulation of Dismissal on the grounds that Whitlock breached the agreement to settle and Greenlee no longer authorized its filing.  (Doc. 89.) Whitlock's response to the motion to strike (Doc. 91) was untimely and is rejected for that reason.  Alternatively, even if it were considered, it fails to set forth proper grounds to resist the motion.

Because Greenlee both filed an answer and moved for summary judgment, Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure permits Whitlock to dismiss his action without a court Order only by filing "a stipulation of dismissal signed by all

---

[3] In fact, Greenlee's motion to strike attaches an email from Whitlock dated January 9, 2015, which only states, "I apologize for the delay in processing" the draft Stipulation of Dismissal.  (Doc. 89-1.)

parties who have appeared."[4]    The Stipulation of Dismissal

Whitlock filed violated this rule because, although it purported

to contain the electronic signature of Greenlee's counsel, it

lacked Greenlee's assent.    Notably, Greenlee's assent was

contingent upon the settlement agreement expressed in court,

which set a filing deadline of 5:00 p.m. on December 19, 2014,

which Whitlock breached.    Moreover, Greenlee's motions to

dismiss — made orally on December 23, 2014, and in writing on

December 30, 2014, after the settlement fell through — made

clear that he no longer sought to enforce the settlement

agreement but sought to dismiss the action instead.    The

parties' correspondence further confirms this.    On December 19,

2014, at 5:15 p.m. and 5:20 p.m. (after the 5:00 p.m. deadline),

Whitlock copied Greenlee's counsel on emails to the Clerk and

Deputy Clerk of Court, respectively, which referred to a "draft"

"Notice of Resolution of Action and Stipulation of Dismissal"

for which he sought the Clerk's "review."[5]    (Doc. 94-4 at 1-2.)

---

[4] Rule 41(a)(1)(A)(i) provides in relevant part that "the plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

[5] Contrary to the representation, however, nothing was attached to the email.    On January 5, 2015, Whitlock realized his omission and apparently attached a "draft" of a "Notice of Resolution of Action and Stipulation of Dismissal" to an email to the Deputy Clerk and Greenlee's counsel.  (Doc. 94-4 at 1.)

This confirms that Whitlock had rejected Greenlee's proposed stipulation and that no agreement therefore existed. Lest there be any doubt, however, in emails dated January 5, 2015, at 8:09 a.m., and January 9, 2015, at 4:45 p.m., Greenlee expressly objected to the filing of the Stipulation of Dismissal after the December 19, 2014 deadline for its filing expired. (See Doc. 89-1.) Therefore, the Stipulation of Dismissal filed by Whitlock violates Rule 41(a)(1)(A)(ii) and is ineffective in dismissing the action. See Lang v. Mfrs. & Traders Trust Co., 274 F.R.D. 175, 181 (D. Md. 2011) (refusing plaintiff's request for dismissal under Rule 41(a)(1)(A)(ii) because of defendant's lack of assent); Local 2-1971 of Pace Int'l Union v. Cooper, 364 F. Supp. 2d 546, 551 (W.D.N.C. 2005) (refusing plaintiff's request for dismissal under Rule 41(a)(1)(A)(ii) because the proposed stipulation of dismissal lacked some parties' assent).

Whitlock's tardy response is also unpersuasive. In it, he relies on general platitudes about civil rights actions, self-serving statements about his admiration for law enforcement officers, and Rule 1's directive to promote the ends of justice. In its only substantive discussion, he claims that Greenlee forwarded to Whitlock a Stipulation of Dismissal that Greenlee *signed* electronically on December 18, 2014. This ignores the fact that it was not timely *filed*, as was required by the

parties' agreement, and overlooks Whitlock's attempt to renegotiate the agreement announced in open court with a self-serving 23-page "Notice of Resolution of Action" and the imposition of a new term requiring payment from Greenlee personally.

Defendant Greenlee's motion to strike (Doc. 89) will therefore be granted on the grounds that the Stipulation of Dismissal lacked Greenlee's assent.

### B. Motion to Dismiss

Defendant Greenlee moves to dismiss the action for several violations of the Federal Rules of Civil Procedure. (Doc. 86.) Whitlock has not filed a response to this requested relief.

This court has the inherent authority to sanction a party with dismissal of an action. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 373 (4th Cir. 2013). The Federal Rules of Civil Procedure also authorize dismissal for failure to participate in discovery under Rule 37(b), failure to obey a scheduling or other pretrial Order under Rule 16(f)(1)(C), and failure to prosecute under Rule 41(b). Greenlee invokes all these grounds. Dismissal is a harsh sanction, and the need to prevent delays must be weighed against the "sound public policy of deciding cases on the merits." Dove v. CODESCO, 569 F.2d 807, 810 (4th

Cir. 1978) (quoting Riezakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).

Under Rule 41(b), four factors affect the court's dismissal determination: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991) (citation and internal quotation marks omitted).[6] These factors do not comprise a rigid four-pronged test; rather, the "propriety of a dismissal . . . depends on the circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989); see also Claitt v. Newcomb, 138 F.R.D. 72, 75–76 (E.D. Va. 1990) (holding that even without clear evidence of the plaintiff's personal responsibility, dismissal was appropriate in light of the remaining three factors that weighed strongly in its favor). When appropriate, a plaintiff should be "warned of

---

[6] This particular four factor test is used to evaluate dismissals under Rule 41(b), while a slightly different set of factors applies to Rule 37(b) dismissals: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice caused to the other party; (3) the need for deterring the type of noncompliance; and (4) the effectiveness of less drastic sanctions. Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989) (holding that district court's entry of default as a sanction based on finding of defendants' "non-compliance and their haphazard compliance of three very specific discovery orders" entered by the magistrate judge was not clearly erroneous).

the consequences" of failing to prosecute and be "given the opportunity to respond." <u>United States ex rel. Curnin v. Bald Head Island Ltd.</u>, 2010 WL 2255817, at *1 n.* (4th Cir. 2010) (per curiam).[7]    Here, all four factors weigh in favor of dismissal under Rule 41(b).

First, Whitlock is personally responsible for his own failures, as he has been representing himself for approximately four years and is aware of all his actions and failures to act, including his failure to respond to the court's Orders.    Most importantly, even before the settlement conference, he had defaulted in filing any pretrial disclosure of witnesses whom he may call or exhibits he may seek to introduce at trial, as required by the court's October 3, 2014 Notice of trial setting, Federal Rule of Civil Procedure 26(a)(3), and Local Rule 40.1(c).    After failing to consummate the settlement he agreed to, he failed to submit a trial brief or proposed jury instructions, as required by this court's Master Trial Calendar published November 20, 2014, Local Rule 40.1(c), and the court's December 23, 2014 Show Cause Order.    These failures prevent Greenlee from presenting any evidence and preparing adequately for trial, and they severely handicap the court's ability to

---

[7] Unpublished opinions of the Fourth Circuit are not precedential and are cited as persuasive but not controlling authority.

conduct trial.  Even sanctioning these failures alone would be tantamount to a dismissal.  Cf. Carmody v. Kan. City Bd. of Police Comm'rs, 713 F.3d 401 (8th Cir. 2013) (noting that district court's striking of plaintiffs' affidavits was "tantamount to dismissal" but affirming grant of defendants' motion for summary judgment based on discovery abuse under Rule 37); Hopkins v. J.C. Penney Co., Inc., 227 F.R.D. 347 (D. Kan. 2004) (dismissing case, albeit without prejudice, under Rule 41(b) for failure to serve Rule 26(a)(1) discovery disclosures or responses to discovery, and noting party's significant interference with the judicial process); Thomas v. City of Greensboro, No. 12-cv-00221 (M.D.N.C. Nov. 4, 2014) (dismissing case for failure to prosecute because of non-compliance with discovery obligations).

Having defaulted on these obligations, Whitlock depended on his ability to reach a settlement or subsequently apply for, and obtain, the court's indulgence for his multiple failures. However, Whitlock only made matters worse.  After representing to the court that he had reached an agreement with Greenlee to settle the case, he tried to alter its terms and, as a result, ignored the deadline for filing the Stipulation of Dismissal. Thereafter, he failed to appear at the court's scheduled status/pretrial conference on December 23, 2014.  After the

court entered its Show Cause Orders and Greenlee moved to dismiss the case as a sanction, it became apparent to Whitlock that his strategy was not working, so he filed the expired Stipulation of Dismissal on January 9, 2015, although by then Greenlee had made clear that he no longer authorized it because of Whitlock's breach. (Doc. 88.) After the court set a January 15, 2015, deadline to respond to Greenlee's motion to strike Whitlock's purported Stipulation of Dismissal (Doc. 89), Whitlock filed a response two days late (Doc. 91). Further, Whitlock has failed to respond at all to Greenlee's motion to dismiss or to this court's Order to show cause why the action should not be dismissed in light of Whitlock's conduct. Rather, Whitlock's strategy as late as January 21, 2015, has been to threaten Greenlee and his counsel with a baseless motion for contempt of court should they not withdraw their opposition to his filing of the Stipulation of Dismissal. (Doc. 94-5.)

Second, Greenlee has plainly been prejudiced. He timely filed pretrial disclosures, his settlement statement, a trial brief, and proposed jury instructions; he also appeared at the December 23, 2014 status/pretrial conference. Greenlee has engaged in significant efforts to defend and resolve the case, only to have Whitlock seek to ignore or thwart them. Whitlock's failures to abide by his agreed-to settlement, to prosecute the

case, and to comply with the court's Orders has significantly hindered Greenlee's ability to prepare for the impending trial. It has also caused Greenlee to attend additional hearings and file additional motions and briefs, resulting in additional, unnecessary delay and expense (expenses which likely exceed the reimbursement expenses previously agreed to as part of the parties' reported settlement).

Third, Whitlock's actions demonstrate a clear pattern of disregard for, and non-compliance with, his obligations under the Federal Rules of Civil Procedure, this court's Local Rules, and the court's Orders. Indeed, Whitlock has wholly disregarded the court's Show Cause Order, wherein he was warned that the sanction of dismissal had been requested and could be entered against him. He also failed to respond timely to Greenlee's motion to strike Whitlock's purported Stipulation of Dismissal.

Fourth, the court has considered imposing lesser sanctions on Whitlock. In view of Whitlock's *pro se* status, the court gave him substantial advance notice of the possibility that his failures may result in sanctions, including dismissal. For example, at the December 15, 2014 conference, the court advised Whitlock that if the settlement was not consummated, the court would set another pretrial hearing and reinstate the January 5, 2015, trial date. But Whitlock did not attend. The court also

stated orally at the December 23, 2014 status/pretrial conference and in writing in its Show Cause Order that the court was considering Greenlee's motion for sanctions that included dismissal with prejudice. But Whitlock never responded to these Orders. In its January 12, 2015 Text Order, the court set a response date for Whitlock to respond to Greenlee's motion to strike Whitlock's purported Stipulation of Dismissal and to impose sanctions, including dismissal. But Whitlock did not respond timely, and when he ultimately responded, he never moved for additional time or filed anything to explain his actions. See Projects Mgmt. Co., 734 F.3d at 376 (noting that the party facing dismissal was "on clear notice of" dismissal and "had a full opportunity to argue its position before the court").

Pro se litigants are entitled to some consideration of their non-lawyer status. However, they are not entitled to be relieved of the rules of procedure or court-imposed deadlines. Alston v. Becton, Dickinson & Co., No. 12-cv-452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." (quotation marks omitted) (quoting Jones v. Phillips, 39 F.3d 158, 163 (7th Cir. 1994))). Like all parties, they are required to respect court orders and procedures "without which effective judicial administration

would be impossible." Craft v. Astrue, No. 10-CV-9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012) (quoting Ballard, 882 F.2d at 96). These procedures include the discovery rules set forth in the Federal Rules of Civil Procedure. Oliver v. Harrison, No. 5:12-CT-3157-FL, 2014 WL 1379350, at *2 (E.D.N.C. Apr. 8, 2014). Where a rule or Order is violated, "[t]here is [] no doubt that *pro se* litigants are subject to any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1077 (E.D. Va. 1991). This is surely the case for Whitlock who, unlike the ordinary *pro se* litigant, has substantial legal training.

In light of Whitlock's multiple violations of and patent disregard for this court's Orders and efforts to provide him opportunities to comply (particularly for a person with his legal training), the prejudice worked upon Greenlee because of those violations, and the need to promote sound and timely judicial administration, the court finds that any sanction less than dismissal with prejudice under Rule 41(b) fails to suffice. See Claitt, 138 F.R.D. at 76; Carthon v. Cent. State Univ., 290 F.R.D. 83, 88 (S.D. Ohio 2013) (noting disregard for due dates, lack of participation in status conference, neglect of initial disclosure duties under Rule 26(a), and failure to respond to show cause order and defendants' motion to dismiss made it

"difficult to conceive how any sanction other than dismissal would impact Plaintiff's conduct"); <u>Ballard</u>, 882 F.2d at 95-96 (finding that, in view of the plaintiff's failure to act in light of the court's warning, the district court did not abuse its discretion in dismissing the case and would have invited abuse had it not done so). Indeed, dismissal is warranted based on Whitlock's failure to file his Rule 26(a)(3) disclosures alone, which the court finds would prohibit Whitlock from presenting any witness or exhibit not disclosed – a result tantamount to dismissal. Considering the totality of the circumstances and after careful review of the entire record, however, the court finds that the sanction of dismissal of Plaintiff's remaining claims is warranted in this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendant Greenlee's Motion to Dismiss (Doc. 86) will therefore be granted.

## III. CONCLUSION

For the reasons set forth herein,

IT IS THEREFORE ORDERED as follows:

1. Defendant Greenlee's motion (Doc. 89) to strike the Stipulation of Dismissal filed by Whitlock (Doc. 88) is GRANTED, and the Stipulation of Dismissal is STRICKEN.

2.    Defendant Greenlee's Motion to Dismiss made orally at the December 23, 2014 hearing and in Docket Entry 86 is GRANTED, and this action is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

3.    Each party shall bear his own costs.

                              /s/   Thomas D. Schroeder
                              United States District Judge
January 26, 2015